**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

NO. 97-50048
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

VERSUS

LONNIE PRICE

Defendant-Appellant

Appeal from the United States District Court
For the Western District of Texas
(SA-96-CR-1)

November 4, 1997

Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellant Lonnie Price argues that the district court erred in denying his motion to suppress evidence taken from a vehicle parked in front of his house, as a result of what he contends was a nonconsensual, warrantless search.

In reviewing a district court's ruling on a motion to suppress

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

based on live testimony at a suppression hearing, we review the district court's fact-findings for clear error and questions of law *de novo*. *United States v. Seals*, 987 F.2d 1102, 1106 (5th Cir. 1993). All of the evidence introduced at the suppression hearing is viewed in the light most favorable to the prevailing party. *United States v. Ponce*, 8 F.3d 989, 995 (5th Cir. 1993). When the district court enters no factual findings and no indication of the legal theory underlying its decision to deny a motion to suppress, we independently review the record to determine whether any reasonable view of the evidence supports admissibility. *See United States v. Yeagin*, 927 F.2d 798, 800 (5th Cir. 1991).

Our review of the record reveals that the district correctly concluded that Price voluntarily consented to a search of the vehicle. *See United States v. Kelley*, 981 F.2d 1464, 1470 (5th Cir. 1993). Price had authority to consent to a search of the vehicle. *See United States v. Matlock*, 415 U.S. 164, 171 (1974). Furthermore, that consent extended to the search of Price's briefcase found in the vehicle, which contained the subject crack cocaine. *See Florida v. Jimeno*, 500 U.S. 248, 251 (1991). AFFIRMED.